UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:12-cv-00169-JAW |
| | ) |
| ALL ARTICLES OF DRUG LOCATED | ) |
| AT GLOBAL BIOTECHNOLOGIES, | ) |
| INC., | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION ON
PETITION FOR REMISSION OR MITIGATION (ECF No. 9)
and
MOTION TO DISMISS CLAIM OF CORPORATE PETITIONER (ECF No. 11)**

On May 22, 2012, the United States filed a verified complaint for forfeiture under the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301 et seq., seeking to forfeit and condemn certain articles of drug in any form (capsules, powder, or tablets) located on the premises of Global Biotechnologies, Inc., in Portland, Maine.  (Compl., ECF No. 1 at ¶ 1.)  The gist of the Government's claim was that the use of therapeutic claims on the company's product labels, promotional literature, and websites caused the products Glucanol, Healthy Trac, Immunol, and Lactopril to be unapproved new drugs which were misbranded under federal law.  (Id. at ¶¶ 7, 8.)  A. Robert Bogosian was identified as the president and owner of Global Biotechnologies.  (Id. at ¶ 6.)

On June 20, 2012, Global Biotechnologies, through its president and owner, but not through legal counsel, filed an otherwise timely Notice of Claim (ECF No. 8) and as part of that pleading the company included a Petition for Remission or Mitigation (ECF No. 9).  In the normal course, Supplemental Rule G for asset forfeiture actions governs these sorts of

procedures. That rule provides that after a notice of claim has been filed, the claimant must serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the claim. Global Biotechnologies has never filed an answer or a Rule 12 motion and its deadline for doing so expired on July 11, 2012, according to the Clerk's entry. (ECF No. 8.) Its default was entered on July 17, 2012, in response to a motion by the Government. (ECF No. 14.)

I reviewed the notice of claim shortly after it was filed and I found myself perplexed by two aspects of the notice: (1) Global Biotechnologies had only appeared through its alleged owner and not through counsel; and (2) the petition for remission or mitigation was an unfamiliar document in my experience and did not appear to be contemplated by Rule G. I ordered the Government to respond to those two concerns in an Order to Answer (ECF No. 10). The Government did so in two separate pleadings. First, it filed a motion to dismiss the claim because the corporate petitioner was not represented by licensed counsel. (ECF No. 11.) The time for response to that motion has elapsed and nothing has been filed by Global Biotechnologies. Second, the Government filed a response to the Order to Answer the Petition for Remission or Mitigation, explaining the statutory background for such a petition. (ECF No. 12.) I have reviewed those pleadings and I now recommend that the Court grant the motion to dismiss the claim and deny the petition for remission or mitigation, because even if that petition had been properly filed by licensed counsel it is not an appropriate vehicle in this case. I note that if the Court ultimately dismisses the claim, given the entry of default as to the corporate claimant because it never filed an answer to the petition after giving its notice of claim, the matter would be in order for the entry of a judgment of forfeiture in favor of the Government. I recognize, however, that in light of this Court's prior position on the entry of an appearance by a

nonlawyer on behalf of a Maine corporate entity, if Bogosian files a timely objection to this recommended decision, the Court might elect not to dismiss the claim for the reasons discussed below.

### *The Motion to Dismiss*

Not surprisingly, the Government cites well-settled law that a corporation may appear in federal court only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder.  See <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201-03, (1993) (noting that this "has been the law for the better part of two centuries"); <u>Turner v. American Bar Ass'n</u>, 407 F. Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel); <u>In re Victor Publishers, Inc.</u>, 545 F.2d 285, 286 (1st Cir. 1976) (per curiam) (same).

However, this Court has recently recognized a somewhat narrow exception to that well-settled precedent, at least in the context of a diversity action brought in this Court.  See <u>Maine Human Rights Comm'n v. Coffee Couple, LLC</u>, 1:10-cv-00180-JAW (Order & Order Striking Default, ECF Nos. 12, 14).  The Court made the following observations:

> The Boyles' Answer is clearly effective as regards Mr. and Ms. Boyle; whether the Boyles' Answer purportedly on behalf of Coffee Couple, LLC is effective is more problematic.  Federal law is clear:  corporations are allowed to appear in federal court only through a licensed attorney.  <u>Rowland v. California Men's Colony Unit II Men's Advisory Council</u>, 506 U.S. 194, 202-03 (1993); <u>In re Victor Publishers, Inc.</u>, 545 F.2d 285, 286 (1st Cir. 1976).
>
> Under Maine law, a non-attorney is not allowed to represent a corporation in court, since to do so would constitute the unauthorized practice of law.  4 M.R.S.A. § 807(1); <u>Land Management, Inc. v. Dep't of Envtl. Prot.</u>, 368 A.2d 602, 603 (Me. 1977).  There is, however, one statutory exception that may apply and might allow the Answer to stand on behalf of Coffee Couple, LLC.  Section 807(3)(J) of Title 4 provides that the prohibition against the unauthorized practice of law does not apply to:

> For the purposes of defending a civil action filed against a corporation, an officer of the corporation if the corporation is organized in this State and has 5 or fewer shareholders.

> 4 M.R.S.A. § 807(3)(J); Carey v. Indian Rock Corp., 2005 ME 6, ¶ 2, 863 A.2d 289, 290 (acknowledging the § 807(3)(J) exception to the general prohibition against non-attorneys representing corporations).

> Whether in a diversity action federal or state law controls on this issue remains to be seen. Before addressing this question, the Court will require the Boyles to demonstrate that they fit under the Maine exception. If they do not, the Court will strike the Answer as to Coffee Couple, LLC; if they do, the Court will address in due course other issues, including the applicability of federal or state law, the impact of the purported Answer on the entry of default, and other matters.

(Order, ECF No. 12 at 2-3.) Ultimately, the Court did strike Coffee Couple, LLC's default and allowed the Boyles to represent the LLC. (Order Striking Default, ECF No. 14.)

I do not believe this case falls within the narrow exception outlined above. For one thing, Bogosian has not claimed that he falls within the statutory exception, even though put on notice of the problem by my Order to Answer directed to the Government. In fact, Bogosian has failed to respond to the Government's motion in any manner. The second, and more significant factor in my mind, is that this case is a federal claim involving the United States of America, not a diversity action under a state law cause of action. I see no reason why the Government's motion should not be granted in accordance with well-settled federal precedent. I therefore recommend that the Court strike the claim filed by Bogosian on behalf of the corporation.

*The Petition for Remission or Mitigation*

The Government provided a thorough response to my Order to Answer, explaining the nature of a petition for remission or mitigation under the applicable statutory framework:

> This seizure action arises under the FDCA, and the FDCA authorizes a "Petition for Remission or Mitigation" under very limited circumstances not present here. Specifically, where a seizure of counterfeit drugs under 21 U.S.C. § 334(a)(2) results in the condemnation of a piece of equipment or thing other than a drug, the

> court, after the condemnation of the equipment or thing is decreed, "shall allow the claim of any claimant, to the extent of such claimant's interest, *for remission or mitigation of such forfeiture* [of the equipment or thing]" if the claimant proves to the court's satisfaction "(i) that he has not committed or caused to be committed any prohibited act referred to in [21 U.S.C. § 334(a)(2)] and has no interest in any drug referred to therein, (ii) that he has an interest in such equipment or other thing as owner or lienor or otherwise, acquired by him in good faith, and (iii) that he at no time had any knowledge or reason to believe that such equipment or other thing was being or would be used in, or to facilitate, the violation of laws of the United States relating to counterfeit drugs."  21 U.S.C. § 334(d)(3) (emphasis added).  Section 334(d)(3) does not apply to this seizure for several reasons.  First, although the government has alleged that the defendants-in-rem violate certain provisions of the FDCA, it has not alleged that they are counterfeit; second, no equipment or thing other than a drug was seized; and, third, the Court has not decreed the condemnation of any thing, and regardless of the outcome of this case, will not ultimately condemn any thing other than a drug.  Thus, the FDCA does not permit a claimant to file a "Petition for Remission or Mitigation" in this matter.
>
> There are regulations relating to petitions for remission or mitigation arising under statutes administered by agencies that are part of the Department of Justice, but these regulations are inapplicable to seizures under the FDCA.  See generally 28 C.F.R. Part 9.  These regulations clearly contemplate remission or mitigation only when the forfeited property itself is not violative.  See 28 C.F.R. § 9.5.  For purposes of remission or mitigation, the validity of the underlying forfeiture is presumed.  See id. § 9.5(a).  Under 21 U.S.C. § 334 (the statutory provision governing this action), a seizure is authorized only if the articles of drug that are the proposed subject of the seizure are alleged to be misbranded or otherwise violative of the FDCA.  Courts order forfeiture of property to the United States only after determining that the seized articles are, in fact, in violation of the FDCA.  As a result, the situation contemplated by the remission and mitigation regulations, where the forfeiture is presumed valid but the articles themselves are not violative, never arises in seizures under 21 U.S.C. § 334.  Thus, 28 C.F.R. Part 9 does not apply to seizures under 21 U.S.C. § 334.

(Plaintiff's Response to Order to Answer, ECF No. 12 at 3-4) (footnote omitted).

It appears to me that even if the Petition for Remission or Mitigation had been filed by licensed counsel, it would have been an inappropriate vehicle given the nature of the underlying petition for forfeiture.  Ultimately, the Government seeks only the forfeiture of the defendants in rem, allegedly misbranded drugs.  No equipment or other materials have been seized according to the allegations in the pleadings.

**Conclusion**

Based upon the foregoing, I recommend that the United States' motion to dismiss the claim be granted and that the corporation's petition for remission or mitigation be denied. As no answer or otherwise valid claim has been filed in response to the forfeiture complaint and the Clerk has entered default against the corporate entity because the corporate entity did not file a timely answer to the complaint, I further recommend that in the event the Government files a motion for a default judgment on the complaint, the entry of a judgment of forfeiture against the defendant in rem drug articles is the appropriate course of action.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 2, 2012                    /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge